[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11278

_____

D.C. Docket No. 05-00610-CV-WSD-1

PARIS FOODS CORP.,
DENNIS SALES, LTD.,

                                        Plaintiffs-Appellants,

versus

FORESITE FOODS, INC.,
HUGH COLLINS,
MAX B. COLLINS,
BENJAMIN T. COLLINS,
TODD COLLINS, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 15, 2008)**

Before TJOFLAT, ANDERSON and HILL, Circuit Judges.

PER CURIAM:

This is an appeal brought by Paris Foods, Corp. (Paris Foods) and Dennis Sales Ltd. (Dennis Sales) (collectively plaintiffs/appellants), from the denial by the district court of their cross-motion for summary judgment, and the grant of summary judgment in favor of Foresite Foods, Inc. (Foresite), and multiple individual defendants (collectively defendants/appellees). Paris Foods and Dennis Sales brought this action for damages pursuant to the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499 et seq. (PACA), relating to the purchase of frozen vegetables by Foresite from them.[1] In each of the five counts alleged in their complaint, Paris Foods and Dennis Sales sought to impose liability on

---

[1] The individual defendants named in the PACA action were shareholders, officers, directors, and/or persons exercising operational and managerial control over the affairs, practices and assets of Foresite, that is, "responsibly connected," as such term is defined under PACA. 7 U.S.C. § 499a(b)(9).

PACA was enacted in 1930 to encourage fair trading in the marketing of perishable agricultural commodities and to prevent unfair and fraudulent practices in the industry. *See* H.R. Rep. No. 98-543 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 406. PACA provides protection to the sellers of perishable goods. The seller of perishable merchandise is exposed to unusual loss if payment is not promptly made and the produce spoils.

In 1984, PACA was amended to create a statutory trust in favor of sellers of PACA goods in the assets of the buyer. Pub. L. No. 98-273, 98 Stat. 165 (codified as amended at 7 U.S.C. § 499e(c)(1)-(5)). Strict compliance with PACA is required to preserve one's rights in a PACA statutory trust. *See American Banana Co., Inc. v. Republic Nat. Bank of New York, N.A.*, 362 F.3d 33, 42 (2d Cir. 2004).

In order to preserve its security interest, a supplier seeking to impose a PACA statutory trust upon the buyer's assets may not agree to payment terms greater than thirty days. 7 C.F.R. § 46.46(e)(2). If the supplier extends more generous payment terms, the underlying debt may not be affected, but the security interest in the buyer's assets is lost. *Id.*

Foresite and the individual defendants using the protective umbrella of PACA. The counts were predicated upon Foresite's failure to pay twenty-five invoices dating from April 27, 2004, to July 8, 2004, for produce it purchased in the amount of $500,200.24, together with annual interest of eighteen percent.[2]

Paris Foods and Dennis Sales asked the district court to impose a statutory PACA trust on Foresite's assets. They also asked the district court to find that certain individual defendants were personally liable for breach of their fiduciary duty in failing to maintain and protect the PACA trust assets. *See* note 1 *supra*. Plaintiffs raised no separate breach of contract claim in their PACA action. This common law remedy is expressly referenced in PACA as being separate, and in addition to, a remedy under PACA.[3] 7 U.S.C. § 499e(b); *see, e.g., Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997).

Foresite and the individual defendants argued to the district court that they

---

[2] Each of the invoices was attached to the complaint as an exhibit.

[3] Section 499e(b), Remedies, reads in its entirety:

Such [PACA] liability may be enforced either (1) by complaint to the Secretary as hereinafter provided, or (2) by suit in any court of competent jurisdiction; *but this section shall not in any way abridge or alter the remedies now existing at common law or by statute, and the provisions of this chapter are in addition to such remedies.*

(Emphasis added.)

3

were entitled to summary judgment because Paris Foods and Dennis Sales waived their PACA rights when they entered into post-default agreements with Foresite, extending the time of payment for the produce beyond the thirty-day maximum allowable under the PACA regulations. 7 C.F.R. § 46.46(e)(2)[4]; *see In re: Lombardo Fruit and Produce Co.*, 12 F.3d 806, 809 (8th Cir. 1993) ("[PACA] regulations require payment be made within ten days after the produce is accepted, but permit the parties to agree to a longer term provided that term is no longer than thirty days."). *Id.; see also Overton Distribs. v. Heritage Bank*, 340 F.3d 361, 368 (6th Cir. 2003) (when supplier's payment terms, originally complying with PACA, were extended to forty days, supplier failed to preserve its PACA trust benefits). The district court agreed with Foresite and the individual defendants that Paris Foods and Dennis Sales, by extending their payment terms beyond the maximum thirty day period allowable by statute, had waived their rights to PACA protection. 7 C.F.R. § 46.46(e)(2).

This summary judgment decision of the district court catapulted Paris Foods and Dennis Sales into an appellate quandary. Having put all their eggs in the PACA basket, they were met head on by the district court's determination that

---

[4] The regulation states that "[t]he maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance of the commodities." 7 C.F.R. § 46.46(e)(2).

4

they had no redress under PACA because they had waived their statutory rights by extending the time for payment.  What was to become of the underlying $500,200.24 debt, admittedly owed by Foresite on the twenty-five invoices?

On appeal from a summary judgment decision based solely upon PACA, Paris Foods and Dennis Sales now attempt to reinvent their case by distancing it from PACA.  They try to breathe life into their appeal by recharacterizing the issues properly before us.  So, for the first time, in their Blue Brief, Paris Foods and Dennis Sales, argue that we should examine Foresite's failure to pay the twenty-five invoices, not only under the statute, but also under common law principles of breach of contract.  They claim this to be what the statute intends.

The fatal flaw in this argument is that no breach of contract claim was ever raised in the district court, nor was it raised in any state court.  Therefore that cause of action is not properly before us on appeal.  Paris Foods and Dennis Sales, having lost on PACA grounds, now contend that the district court *should somehow have perceived* their claims as including claims for breach of contract, *in addition to* claims under the PACA statute.

We have scoured the record.  For whatever reason, either strategically, or simply by oversight, Paris Foods and Dennis Sales filed a complaint whose cause of action was based solely on PACA.  They litigated only PACA claims.  They

5

moved for summary judgment on only PACA claims.  They lost solely on PACA grounds.[5]

Under a *de novo* review, we have carefully reviewed the record, the briefs, the arguments of counsel, and, finding no error, the judgment of the district court is

AFFIRMED.

---

[5] We offer no opinion as to the viability of the underlying debt as of this writing.